IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PAUL L. JONES,

      Petitioner,

v.                           CASE NO. 1:14-cv-187-WTH-GRJ

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.)  In his Petition,

Petitioner contends that his trial counsel was ineffective based on seven

separate grounds and that the cumulative effect of this alleged deficient

performance deprived Petitioner of constitutional guarantees. (*Id.*)

Respondent filed a response, ECF No. 19, along with relevant portions of

the state-court record. (ECF Nos. 19-1–19-4 "Ex."[1]) Petitioner then filed a

reply. (ECF No. 27.) Upon due consideration of the Petition, the Response,

and the state-court record, and the Reply, the undersigned recommends

_____

[1] Where an exhibit is separately paginated, the pinpoint citations to the exhibits will be the lettered exhibit followed by the appropriate page number(s). If an exhibit is not separately paginated, the identification used will be the ECF designation at the top of the page followed by the corresponding page number.

that the Petition be denied.[2]

## Summary of State-Court Proceedings

On August 28, 2008, Petitioner was charged by Third Amended

Information with aggravated battery, aggravated assault with a deadly

weapon, false imprisonment, possession of a firearm by convicted felon,

possession of a firearm with serial number altered or removed, and

possession of a firearm during the commission of a felony. (Ex. B.) The

State filed notices to seek enhanced penalties. (Exs. C & D.)

On October 13, 2008, jury selection occurred, Ex. E, and Petitioner

filed a "Motion to Suppress Firearm and Ammunition." (Ex. F.) Petitioner

then filed an "Amended Motion to Suppress Firearm, Ammunition and

Defendant's Statements." (Ex. G.) The court denied Petitioner's motion

following evidentiary proceedings on October 15, 2008. (Ex. H.) Then

Petitioner filed a "Motion for Nelson Inquiry," Ex. I, which the court heard

on October 17, 2008. (Ex. J.)

The jury trial began on October 17, 2008. (Ex. J.) The jury found

Petitioner guilty of aggravated battery, aggravated assault with a deadly

weapon, and false imprisonment. (Ex. L.) The jury did not find Petitioner

---

[2] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

guilty of possession of a firearm with a serial number altered or removed.[3]
(*Id.*)

Petitioner sent the trial judge a letter dated November 3, 2008,
requesting that the court look into his trial. (Ex. M.) The trial court
addressed this letter on November 20, 2008, when it was scheduled to
sentence Petitioner. (Ex. N.) Sentencing actually began on December 2,
2008, which was continued to December 3, 2008. (Ex. O.) The court found
that Petitioner qualified for the enhanced sentences. (*Id.*) Petitioner was
sentenced to 30 years' incarceration on Count I (aggravated battery) and 5
years' incarceration on Counts II and III (aggravated assault and false
imprisonment) to be served concurrently with Count I but consecutive to
Count II. (Ex. O.) He received credit for 299-days time served. (Ex. O.)

Petitioner appealed to the First District Court of Appeal ("First
District"). (Ex.R.) Petitioner filed an initial brief through counsel, and the
State filed an answer brief. (Exs. S & T.)  On appeal, Petitioner asserted
that the trial court erred in overruling Petitioner's hearsay objection and
allowing the State to introduce the victim's prior statements to Detective
Wright. (Ex. S.) The First District affirmed *per curiam* without opinion on

---

[3] At trial, the State amended the Third Amended Information to remove reference
to "firearm" in the aggravated battery charge. (Ex. J.) At the close of sentencing, the
State announced *nolle prosequi* as to two charges of possession of a firearm by a
convicted felon and possession of a firearm during the commission of a felony. (Ex. O.)

March 19, 2010. (Ex. U.) The mandate followed on April 6, 2010. (*Id.*)

Petitioner then sought relief pursuant to Fla. R. Crim. P. 3.850.  He

filed his Rule 3.850 motion *pro se* on February 8, 2011.[4] (Ex. V1.)

Petitioner then amended his motion on May 10, 2012. (Ex. W1.) In his

motion, Petitioner claimed seven grounds of ineffective assistance of

counsel and also that the cumulative effect of his counsel's deficient

performance deprived Petitioner of his constitutional guarantees. (Ex. V1.)

The state circuit court summarily denied these motions without an

evidentiary hearing on May 5, 2014. (Ex. X.) Petitioner appealed, and the

First District affirmed *per curiam* without opinion. (Ex. Y.) The court issued

its mandate on September 30, 2014. (*Id.*) Petitioner then filed his petition

for a writ of habeas corpus on October 2, 2014. (ECF No. 1.)

## Section 2254 Standard of Review

The role of a federal habeas court when reviewing a state prisoner's

application pursuant to 28 U.S.C. § 2254 is limited. *Williams v. Taylor*, 529

U.S. 362, 403–04 (2000). Under section 2254(a), federal courts "shall

entertain an application for a writ of habeas corpus on behalf of a person in

custody pursuant to the judgement of a State court only on the ground that

---

[4] This date here is the date on which Petitioner submitted his motion to the prison for mailing. The dates used for other filings from Petitioner are also those on which Petitioner submitted the filing for mailing at the prison.

he is in custody in violation of the Constitution or laws or treaties of the United States."

Additionally, federal courts must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054–55 (11th Cir. 1983).

Moreover, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 120–21 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). A federal writ of habeas corpus is only available in cases of federal constitutional error. *See Jones v. Goodwin,* 982 F.2d 464, 471 (11th Cir.1993); *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir.1990). The limitation on federal habeas review applies with equal force when a petition, which truly involves only state law issues, is "couched" in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508.

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); 28 U.S.C. § 2254(e)(1). "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow,* 134 S. Ct. 10, 15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

As to legal findings, as mentioned above, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the

Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003); *see also Carey v. Musladin,* 549 U.S. 70, 74–77 (2006).

"Under § 2254(d)(1)'s 'contrary to' clause, we grant relief only 'if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.'" *Jones v. GDCP Warden*, 753 F.3d 1171, 1182 (11th Cir. 2014) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)).  For § 2254(d)(1), clearly established federal law includes only the holdings, not the dicta of Supreme Court decisions. *White v. Woodall*, 134 S.Ct. 1697, 1702 (2014).  "Under § 2254(d)(1)'s 'unreasonable application' clause, we grant relief only 'if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Jones*, 753 F.3d at 1182 (alteration in original) (quoting *Williams*, 529 U.S. at 413).

The Supreme Court has interpreted § 2254(d) as requiring that "a state prisoner must show that the state court's ruling on the claim being

presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). "[A]n 'unreasonable application' of [Supreme Court] holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *Woodall*, 134 S.Ct. at 1702. In other words, Petitioner must establish that no fairminded jurist would have reached the Florida court's conclusion. *See Richter*, 562 U.S. at 102–03; *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257–58 (11th Cir.2012). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

In light of *Gill*, the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact-finding only to the extent that the state court's ultimate conclusion relied on it. 633 F.3d at 1292. A federal habeas court can consider the full record before it to answer "the only question" that matters: "whether the state court's determination [was] objectively unreasonable." *Id.* at 1290.

## Ineffective Assistance of Counsel

Because most of Petitioner's claims allege ineffective assistance, a

review of the applicable law is necessary. Under *Strickland v. Washington*, to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate that (1) his counsel's performance was below an objective and reasonable professional norm, and (2) he was prejudiced by this inadequacy. *Strickland*, 466 U.S. 668, 686–96 (1984). The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No

lawyer can be expected to have considered all of the ways [to provide

effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some
> other reasonable courses of defense (that the lawyer did not
> think of at all) existed and that the lawyer's pursuit of course A
> was not a deliberate choice between course A, course B, and
> so on. The lawyer's strategy was course A. And [the Court's]
> inquiry is limited to whether this strategy, that is, course A,
> might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that

counsel's unreasonable conduct might have had "some conceivable effect

on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a

defendant must show a "reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been

different." *Id*. at 694. A "reasonable probability is defined as a probability

sufficient to undermine confidence in the outcome." *Id*.

When the state courts have denied an ineffective assistance of

counsel claim on the merits, the standard a petitioner must meet to obtain

federal habeas relief is a difficult one. *Harrington*, 562 U.S. at 102. The

standard is not whether an error was committed, but whether the state

court decision is contrary to or an unreasonable application of federal law

that has been clearly established by decisions of the Supreme Court. 28

U.S.C. § 2254(d)(1).  As the Supreme Court explained, error alone is not enough because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 562 U.S. at 100 (internal quotation marks omitted).  And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102.

A federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated another way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may the federal court grant relief. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 105.  When combined with the extra layer of deference that §

2254 provides, the result is double deference, and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that a state court denied on the merits is found to merit relief in a federal habeas proceeding.

## Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must fairly present the claim in each appropriate state court, thereby affording the state courts a meaningful "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). A procedurally defaulted claim can support federal habeas relief in only two narrow situations. First, the petitioner may demonstrate cause and prejudice for the default. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Attorney error that constitutes ineffective assistance of counsel violative of the Sixth Amendment can render "cause." *Murray v. Carrier*, 477 U.S. 478, 487 (1986). But, an ineffective assistance of counsel claim must generally be presented to the state courts as an independent claim before it can be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (citing *Murray*, 477 U.S. at 489). In such a case, unless the prisoner can satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, the ineffective assistance of counsel claim cannot serve as cause for another procedurally defaulted claim. *Id.* at 453.

To show prejudice, the petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

Second, the petitioner may show that enforcing the procedural default would result in a fundamental miscarriage of justice. *Mize*, 532 F.3d at 1190. To show a fundamental miscarriage of justice, the petitioner must show that in light of new evidence, no reasonable juror would have convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

## DISCUSSION

**Ground One: Petitioner's unsupported allegation this his trial counsel had a conflict of interest with him does not render counsel's performance ineffective.**

Petitioner contends that his trial counsel rendered ineffective assistance due to a conflict with Petitioner, which he alleges prejudiced her representation. (ECF No. 1 at 4.) Petitioner asserts that because counsel did not want to represent him,[5] counsel was unprepared for the

---

[5] At the suppression hearing, Petitioner's trial counsel moved to withdraw from representation, stating as the reason that Petitioner "has told me things that contradict what he just testified to. And I will not be put in a position of suborning perjury." (Ex. H at 62.) This had nothing to do with a conflict with Petitioner or her desire to represent him.

The page numbers used for the transcripts are the numbers included on the transcript in the upper-right-hand corner.

suppression hearing, causing Petitioner to essentially represent himself.

(*Id.* at 5.) As a result, Petitioner states that he was prejudiced at the

suppression hearing, which he lost, and at all other proceedings. (*Id.*)

In rejecting this claim on post-conviction review, the state court

reasoned:

> As to ground (A), Defendant alleges that trial counsel was ineffective due to a conflict of interest. During the suppression hearing, while Defendant was testifying, defense counsel moved to withdraw from representation due to the fact that Defendant had "told [her] things that contradict what he [had] just testified to . . . [and she did not want] to be put in a position of suborning perjury." *See* Motion to Suppress Hearing Transcript at 62 (lines 19–25). The court denied counsel's request and redirected Defendant not to lie under oath. *Id.* at 63 (lines 1–25) – 64 (lines 1–3). Thus, counsel was not expressing an actual conflict with representing Defendant. She was merely performing her duty as a licensed attorney in advising the court . . . of the false testimony and seeking a remedial measure.
>
> In addition, the record reflects that Defendant's request to have his counsel removed was addressed during . . . a *Nelson* hearing during the first day of trial. *See* Motion for Nelson Inquiry; Trial Transcript at 4 (lines 8–12), 6 (lines 24–25) – 20 (lines 1–24). During the *Nelson* hearing, counsel advised the court that she had "read every deposition, every police report . . . ." *Id.* at 10 (lines 14–15). She further stated that she had "prepared cross examinations . . . [and a] theory of the case." *Id.* at 10 (lines 16–17). When Defendant argued that counsel was ineffective for failing to subpoena his witnesses for trial, counsel indicated that these witnesses, whom she had investigated, "were not only not necessary, but could have been detrimental." *Id.* at 11 (lines 8–25) – 12 (lines 1–18). Ultimately, at the end of the hearing, the court found that defense counsel was providing effective assistance to Defendant. *Id.* at 13 (lines 1–25) – 21 (line 1).

    "For claims of ineffective assistance of counsel based on
a conflict of interest, the defendant must demonstrate that
counsel actively represented conflicting interests and that an
actual conflict of interest adversely affected his lawyer's
performance." *Wright v. State*, 857 So. 2d 861, 871–72 (Fla.
2003) (citing *Hunter v. State*, 817 So. 2d 786, 792 (Fla. 2002)).
To demonstrate an actual conflict, the defendant must identify
specific evidence in the record that suggests that his or her
interests were compromised. *See Herring v. State*, 730 So. 2d
1264, 1267 (Fla. 1998). A possible, speculative or merely
hypothetical conflict is "insufficient to impugn a criminal
conviction." *Cuyler*, 446 U.S. at 350. "[U]ntil a defendant shows
that his counsel actively represented conflicting interests, he
has not established the constitutional predicate for his claim of
ineffective assistance." *Id.* Here, Defendant fails to show that
any actual conflict of interest existed. Because no actual
conflict existed, Defendant fails to show either error by counsel
or prejudice. Furthermore, any claim that the trial court erred by
failing to remove counsel should have been raised on direct
appeal. *See Schwab v. State*, 814 So. 2d 402, 406 n.4 (Fla.
2002) ("claims which were or could have been raised on direct
appeal are procedurally barred in a rule 3.850 motion") (citation
omitted). Accordingly, the claim raised is without merit.
.

(Ex. X.)  The First DCA affirmed without opinion.  (Ex. Y.)

    Considering the state court already denied this claim on the merits,

the Court must give the state court's finding double deference so that the

question for this Court becomes whether "there is any reasonable

argument that counsel satisfied *Strickland*'s deferential standard."

*Harrington*, 562 U.S. at 105. Here, a reasonable argument exists that

counsel satisfied *Strickland*'s deferential standard and therefore that the

state court's rejection of Petitioner's argument and application of *Strickland*

was not objectively unreasonable.

To prevail on this claim based on ineffectiveness of counsel, Petitioner must show (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that Petitioner was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The Court may dispose of the claim if Petitioner fails to carry his burden of proof on either the performance or the prejudice prong. *Id.* at 697.

Petitioner has failed to show that his counsel's performance was below an objective and reasonable professional norm at the suppression hearing or during trial. Although Petitioner paints counsel's performance as inadequate and riddled with bias, Petitioner's portrayal misses the mark. As the state court noted, Petitioner has failed to show that there was any conflict of interest or that counsel's performance was deficient or prejudiced Petitioner in any way.

Further, to the extent that Petitioner believes his counsel was ineffective for moving to withdraw from representation based on Petitioner's statements during the suppression hearing, trial counsel is not ineffective merely for not allowing a defendant to perjure himself and attempting to remedy that conduct. *See Nix v. Whiteside*, 475 U.S. 157, 175–176 (1986); *see also Davis v. Singletary*, 119 F.3d 1471, 1475 (11th

Cir. 1997) ("The duty to render effective assistance of counsel does not include the duty to present false or misleading testimony.").

The fact that counsel continued to represent Petitioner after moving to withdraw from representation also does not demonstrate that counsel was ineffective. Here, Petitioner failed to show that any of the bias that counsel allegedly had toward Petitioner adversely affected his counsel's ability to represent him during the suppression hearing or during trial. To the contrary, the record reflects that his counsel adequately prepared for representing Petitioner and developed a theory of the case, as the state court noted in the above-quoted order. The trial court examined whether counsel's performance was ineffective during the *Nelson* hearing and concluded that Petitioner had failed to show counsel was ineffective. Petitioner's conclusory, unsupported assertions that counsel was ineffective are insufficient to support a different conclusion and insufficient to show the state court's application of *Strickland* was unreasonable.

Petitioner has failed to show that counsel's conduct was below an objective and reasonable professional norm. Accordingly, trial counsel's performance was not deficient or ineffective, in accordance with the *Strickland* standard. Because Petitioner cannot prevail on *Strickland*'s performance prong, the Court need not address the prejudice prong.

*Strickland*, 466 U.S. at 697; *see also Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong . . . or vice versa.") Nothing Petitioner has presented proves that the state court should have granted Petitioner's claim of ineffectiveness of counsel on this ground.

To grant habeas relief, the Court must find that the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). Petitioner has failed to show that the state court's rejection of this ineffective assistance claim was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Burt,* 134 S. Ct. at 12 (quoting *Harrington v. Richter*, 131 S. Ct. 770, 787 (2013)). The Court therefore concludes that the state court's denial of relief was not unreasonable or lacking in justification. Accordingly, Petitioner is not entitled to federal habeas relief on ground one.

**Ground Two: Counsel's performance was not ineffective for allegedly failing to call, depose, and interview witnesses because counsel communicated with the witnesses and made the strategic choice not to have them testify at trial.**

Petitioner contends that his trial counsel was ineffective when counsel failed to call, depose, and interview Petitioner's listed witnesses despite the fact that they were available and willing to testify. (ECF No. 1 at 6–7.) Petitioner asserts that only one of his witnesses was deposed and that counsel failed to call this witness or any of the other listed witnesses to testify at trial. (*Id.* at 7.) Petitioner states that if counsel had called, deposed, and interviewed all of his witnesses, counsel would have been able to show that Petitioner was unable to make a coherent statement or confession regarding his alleged offenses. (*Id.*) Further, Petitioner states that as a result of counsel's actions regarding these witnesses, the trial judge was unable to weigh all the evidence, Petitioner lost his motion to suppress, and statements and firearms were present at trial, all of which deprived Petitioner of a fair trial and resulted in a guilty verdict. (*Id.* at 8.)

In rejecting this claim on post-conviction review, the state court reasoned that counsel stated during the *Nelson* hearing that, contrary to Petitioner's allegations, she spoke with all of Petitioner's witnesses and made the choice not to call them at trial because their testimony was either

irrelevant or potentially detrimental to Petitioner. (Ex. X.) Further, to the extent that Petitioner believes his statements would have been suppressed, the state court found that there was no evidence during the suppression hearing other than Petitioner's own testimony to support his allegation that he was incoherent during the time he gave those statements. (*Id.*) The court, therefore, found that Petitioner failed to show error by counsel or prejudice, concluding that his claim was meritless. (*Id.*) The First DCA affirmed without opinion. (Ex. Y.)

Because Petitioner's claim that his trial counsel was ineffective for failing to call, depose, and subpoena his listed witnesses is wholly without merit, the state court's rejection of Petitioner's claim and application of *Strickland* was not objectively unreasonable. Under the first prong of *Strickland*, Petitioner has failed to show that his trial counsel's performance was deficient. Petitioner's conclusory allegation that counsel's decision not to call his witnesses constitutes ineffective assistance of counsel and resulted in a guilty verdict are insufficient to support a claim for federal habeas relief. As the state court pointed out, counsel did speak to the listed witnesses but determined based on the conversations that "they were not only not necessary, but could have been detrimental."

Mere dissatisfaction with counsel's strategic choices does not

warrant habeas relief, especially where Petitioner has failed to show how such strategies were unreasonable. *See Strickland*, 466 U.S. at 690–91 ("[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."); *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994) ("Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so."). As the Eleventh Circuit has stated, "[w]hich witnesses, if any, to call, and when to call them, is the epitome of a strategic decision." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc)). There is a strong reluctance to second-guess strategic decisions made by experienced defense counsel. *Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998).

To grant habeas relief, the Court must find that the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). Petitioner has failed to present any argument in his Petition as to the incorrectness or erroneous nature of the state court's decision. *See* ECF No. 1 at 6–8. The Court therefore concludes that the state court's

denial of relief was not unreasonable or lacking in justification. Accordingly,

Petitioner is not entitled to federal habeas relief on ground two.

**Ground Three: Because counsel attempted to suppress Petitioner's statements and argued about the sufficiency of the evidence, counsel's performance was not ineffective for allegedly failing to do both.**

Petitioner argues that his trial counsel was ineffective for failing to

argue that the State had insufficient evidence to find Defendant guilty of

aggravated battery with a deadly weapon. (ECF No. 1 at 9.) Petitioner

asserts that the State had no physical evidence that Petitioner had a

weapon or deadly weapon and that the evidence the State presented was

contradictory, fabricated, and misleading. (*Id.* at 10.) Petitioner also makes

another claim within this claim regarding counsel's failure to argue about

the voluntariness of his confession. (*Id.*) Petitioner alleges that his counsel

had enough evidence to prove his innocence as to the charge of

aggravated battery with a deadly weapon. (*Id.*)

In rejecting this claim on post-conviction review, the state court

reasoned that trial counsel did move to suppress Petitioner's statements to

law enforcement during the suppression hearing. (Ex. X.) The court also

found that Petitioner cannot challenge the sufficiency of evidence

underlying his conviction in a Rule 3.850 motion. (*Id.*) Thus, the court found

that Petitioner's claim was without merit. (*Id.*) The First DCA affirmed without opinion. (Ex. Y.)

Applying the double deference standard to the state court's finding, a reasonable argument exists that counsel satisfied *Strickland*'s deferential standard. *See Harrington*, 562 U.S. at 105. Additionally, there is no evidence that the state court's determination was objectively unreasonable.

With regard to Petitioner's allegations regarding counsel's conduct surrounding the admissibility of Petitioner's statements and confession, Petitioner has failed to show that his counsel's performance was deficient, in accordance with the first prong of *Strickland*. Although Petitioner states that his counsel was ineffective for not arguing against the use of those statements, the record reflects that his counsel did attempt to suppress the statements Petitioner made following the *Miranda* warning—specifically, counsel argued that Petitioner "was not competent to waive his Miranda rights due to his being incapacitated from his medical condition." (Ex. G.) This motion to suppress, however, was denied by the trial court. (Ex. H.) The fact that counsel moved to suppress these statements, albeit unsuccessfully, does not constitute ineffective assistance of counsel. Accordingly, Petitioner cannot prove that the state court's denial of his

ineffective assistance claim regarding counsel's failure to argue about

Petitioner's post-*Miranda* statements was contrary to or an unreasonable

application of *Strickland*.

Regarding Petitioner's claim that his counsel was ineffective for

failing to object to the sufficiency of the evidence, the state court did not

address this claim on the merits on post-conviction review. The state court

instead found that the claim was procedurally barred because "a defendant

cannot challenge the sufficiency of the evidence underlying his conviction

through a rule 3.850 motion." (Ex. X.)

Regardless of whether the state court's decision to rely on a

procedural bar to deny relief on this ground was correct and whether the

First DCA's affirmation constituted an adjudication on the merits, Petitioner

cannot prove that counsel was ineffective for failing to object to the

sufficiency of the evidence based on the *Strickland* standard.

Like with his other claim in ground three, Petitioner has failed to show

that his counsel's performance was below an objective and reasonable

professional norm. A review of the record in this case reveals that when

counsel moved for a judgment of acquittal, counsel argued that there was

no evidence as to the aggravated battery claim. (Ex. J.) With regard to

evidence regarding a deadly weapon, counsel specifically stated that "[the

victim] stated that she did not see a gun or weapon in the Defendant's hand when he struck her. The State has already moved to eliminate the firearm designation from the weapon. And our contention at this point is that there is only enough evidence of simply battery to go back before the jury." (Ex. J at 152.) Accordingly, in contrast to Petitioner's allegations, his trial counsel did argue that the evidence was insufficient to convict him of aggravated battery with a deadly weapon. The fact that the trial court denied counsel's motion for judgment of acquittal does not then necessarily make counsel's performance ineffective or deficient under *Strickland*.[6]

Because Petitioner cannot prevail on *Strickland*'s performance prong for either of his claims in ground three, the Court need not address the prejudice prong. *Holladay*, 209 F.3d at 1248. Petitioner has failed to show that the state court's rejection of this ineffective assistance claim was erroneous or lacking in justification. *See Burt,* 134 S. Ct. at 12. The Court therefore concludes that Petitioner is not entitled to federal habeas relief

---

[6] Notably, under Florida law, "[a]ggravated battery is an alternative conduct crime." *Stoute v. State*, 915 So. 2d 1245, 1248 (Fla. Dist. Ct. App. 2005). Because Petitioner was charged with aggravated battery by both alternative means and found guilty of each alternative mean—by use of a deadly weapon and by intentionally or knowingly causing great bodily harm, permanent disability, or permanent disfigurement—any deficiency regarding counsel's argument as to the alternative mean of aggravated battery by use of a deadly weapon is harmless.

on ground three.

**Ground Four: Counsel was not ineffective for allegedly withholding exculpatory, crucial evidence at trial because nothing in the record reveals that there was any such evidence for counsel to introduce.**

Petitioner contends that his trial counsel was ineffective when she failed to introduce phone recordings at trial of calls between the victim and Petitioner. (ECF No. 1 at 11.) Petitioner asserts that these recordings were crucial to his defense. (*Id.*) Petitioner states that counsel heard the recordings, knew Petitioner was innocent of the charges as a result of the recordings, and yet failed to present them at trial despite Petitioner's instructions to do so. (*Id.* at 12.) Further, Petitioner states that had counsel introduced these recordings, there is a reasonable probability that the outcome of the trial would have been different. (*Id.*)

In rejecting this claim on post-conviction review, the state court reasoned:

> As to ground (D), Defendant alleges that trial counsel was ineffective for withholding exculpatory evidence at trial. According to Defendant, counsel failed to use recordings of jail calls between Defendant and the victim at trial. Defendant contends that these recordings would have supported his claim that: (1) Defendant never possessed a weapon during the offense; (2) the victim possessed a knife and threatened Defendant with it; (3) Defendant never held the victim against her will; and, (4) the State pressured the victim "to make fabricated and untrue statements." In her deposition, the victim testified under oath that

> [Defendant] called one time. I don't know what month it was. But after that happened, he called, and he had his son call. He was on three-way with his son telling me to drop – I guess he pleaded with his son to plead with me to drop the charges and whatever. And I was trying to explain to his son that I don't have nothing to do with them charges. I wouldn't drop the charges on him. But even if I could drop the charges, I wouldn't. And I hung up on him.

> *See* Deposition of Vanessa Williams at 20 (lines 24–25) – 21 (lines 1–16). A similar tone was struck in the jail call between Defendant and the victim played during the suppression hearing. *See* Motion to Suppress Hearing Transcript at 33 (lines 3–25) – 36 (lines 1–15). In fact, throughout the record in this case, the victim was consistent, including under oath, in her allegation that Defendant hit her wit ha gun and threatened her. *See* Arrest Mittimus; Deposition of Vanessa Williams; Trial Transcript at 44 (lines 2–25) – 72 (lines 1–16). And, when counsel attempted to find the purported jail call, there was no record of it. *See* Appendix to Motion for Post-Conviction Relief. For these reasons, this Court finds Defendant's allegation regarding his purportedly exculpatory phone conversation with victim to not be credible. Defendant fails to show either error by counsel or prejudice. Accordingly, the claim raised is without merit.

(Ex. X.)  The First DCA affirmed without opinion.  (Ex. Y.)

Giving the state court's finding double deference, a reasonable argument exists that counsel satisfied *Strickland*'s deferential standard. *See Harrington*, 562 U.S. at 105. Under the first *Strickland* prong, Petitioner has failed to show that his counsel's performance was deficient. Although Petitioner states that these phone calls occurred and that

introducing them at trial would have altered the outcome of the trial by proving that Petitioner was innocent of the charges against him, nothing in the record supports Petitioner's assertions.

To the contrary, the record supports that there was one call between the victim and Petitioner and that this call contained nothing that refuted the charges against Petitioner, according to the statements of the victim the trial court pointed out in the above-quoted order. Further, the state court noted that the record reflects that counsel attempted to obtain any calls between Petitioner and the victim but that there was no record of these calls. Accordingly, counsel cannot be deemed ineffective for failing to introduce evidence that did not exist or that was refuted by the record.

Because Petitioner has failed to show that counsel's conduct was below an objective and reasonable professional norm, his trial counsel's performance was not deficient or ineffective, in accordance with the *Strickland* standard. Therefore, the Court concludes that the state court's denial of relief was not unreasonable or lacking in justification and that Petitioner is not entitled to federal habeas relief on ground four.

**Ground Five: Counsel's performance was not ineffective for failing to file sufficient motions, namely failing to file a motion to sever.**

Petitioner contends that his trial counsel rendered ineffective

assistance due to her failure to file a motion to sever, despite Petitioner's repeated instructions to do so. (ECF No. 1 at 14.) Petitioner states that due to counsel's ineffectiveness, he was forced to argue the issue himself. (*Id.*) As a result, Petitioner asserts that the jury was misled and confused by what should have been two cases. (*Id.*) Petitioner also states that this error was not harmless. (*Id.*)

In rejecting this claim on post-conviction review, the state court reasoned:

> As to ground (E), Defendant alleges that trial counsel was ineffective for failing to file sufficient motions. According to Defendant, counsel should have filed a motion to sever count VII (*sic*) (Possession of a Firearm with the Serial Number Removed) from counts I–III due to the fact that the firearm in count VII (*sic*) was not the firearm allegedly used during the Aggravated Battery and Aggravated Assault with a Deadly Weapon. *See* Trial Transcript at 210 (lines 5–15). The State's position was that the three offenses were intrinsically intertwined and, thus, not severable. *See* Motion to Suppress Hearing Transcript at 46 (lines 9–23). Thus, even if counsel had filed a motion to sever, the State would have argued that the fact that Defendant was in possession of a gun, even if it was not the gun which was used during the Aggravated Battery and Aggravated Assault with a Deadline Weapon, supported their allegation that he was in possession of, and used, a gun during the Aggravated Battery and Aggravated Assault with a Deadly Weapon. And, had the State made that argument, it is likely that a motion to sever would have been denied.
> Even if counsel did err by failing to file a motion to sever, Defendant fails to show any prejudice because the jury acquitted him of both use of a firearm during the Aggravated Assault with a Deadly Weapon[fn. 2] and Possession of a

Firearm with the Serial Number Removed. *See* Verdict. Because Defendant fails to show either error by counsel or prejudice, the claim raised is without merit.

[fn. 2] The State amended the Information to remove the reference to a firearm during the Aggravated Battery.

(Ex. X.)  The First DCA affirmed without opinion.  (Ex. Y.)

Although Petitioner makes the conclusory allegation that the error should not be deemed harmless, Petitioner makes no substantiated argument as to the unreasonable application of federal law or any unreasonable determination of the facts by the state court. Because there is no evidence that the state court's determination was objectively unreasonable, habeas relief is not available for ground one.

Regardless of whether counsel should have filed a motion to sever, Petitioner has failed to show that he was prejudiced by any inadequacy. To start, even had counsel moved to sever the count charging Petitioner with possession of a firearm with serial number removed, it is likely that the state court would have denied the motion, as stated in the above-quoted order denying Petitioner's motion for post-conviction relief. (Ex. X.)

Further, because Petitioner was found not guilty of the count he wished to have severed and because the jury found Petitioner guilty of aggravated battery by causing great bodily harm, permanent disability, or

permanent disfigurement—as discussed above in addressing ground three of Petitioner's Petition—Petitioner has failed to show that he was prejudiced in any way due to counsel's failure to make a motion to sever. Accordingly, Petitioner has failed to show the necessary prejudice under *Strickland* so as to make counsel's performance ineffective.

Nothing Petitioner has presented proves that the state court should have granted Petitioner's claim of ineffectiveness of counsel on this ground. Accordingly, Petitioner is not entitled to federal habeas relief on ground five.

**Ground Six: Counsel's failure to object to jury instructions and verdict forms did not constitute ineffective assistance of counsel.**

Petitioner contends that his trial counsel was ineffective for not objecting to the jury instructions and verdict form because they did not include the charge of domestic battery, a lesser-included offense of aggravated battery, and domestic assault, a lesser-included offense of aggravated assault. (ECF No. 1 at 15–16.) Petitioner asserts that because these lesser-included offenses were not included on the verdict form or in the jury instructions, the jury was unable to evaluate and consider these lesser-included offenses. (*Id.* at 16.) Petitioner states that if counsel had objected to the lack of these lesser-included offenses, the jury would not

have found Petitioner guilty of aggravated assault with a deadly weapon and instead would have found him guilty of a lesser-included offense. (*Id.* at 16–17.)

In rejecting this claim on post-conviction review, the state court reasoned that Petitioner's claim was without merit. The court noted that under Florida Statute § 741.28(2), "domestic battery" and "domestic assault" are the same as simple battery and simple assault, except that they require a domestic relationship. (Ex. X.) Because the jury was instructed as to simple assault and simple battery, counsel's failure to request instructions on domestic battery and domestic assault was not an error. (*Id.*) Further, since "[t]he possibility of a jury pardon cannot form the basis for a finding of prejudice," *Sanders v. State*, 946 S.2d 953, 960 (Fla. 2006), the court found that Petitioner failed to show prejudice as a result of counsel's performance. (Ex. X.) The First DCA affirmed without opinion. (Ex. Y.)

Because a reasonable argument exists that counsel satisfied *Strickland*'s deferential standard, there is no evidence that the state court's determination was objectively unreasonable. Under the first *Strickland* prong, Petitioner has failed to show that his trial counsel's performance was deficient. While Petitioner asserts that trial counsel was ineffective for

failing to object to a lack of domestic battery and domestic assault on the verdict form, Petitioner ignores the fact that the jury was instructed as to simple battery and simple assault, as well as felony battery. (Ex. L.). Due to the similarity between these lesser-included offenses and the charges of domestic battery and domestic assault—as the state court pointed out—there was no need for counsel to object to the lack of domestic battery and domestic assault on the verdict forms.

Further, even if those lesser-included offenses should have been included on the verdict forms, Petitioner cannot show prejudice because he was convicted of aggravated battery and aggravated assault. (Ex. P.) As the state court pointed out, the mere possibility of a jury pardon does not constitute prejudice in an ineffective assistance of counsel claim, *see* Ex. X, particularly because "[i]n making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to the law." *Strickland*, 466 U.S. at 694. Assuming the jury acted in accordance with the law in finding Petitioner guilty of aggravated battery and aggravated assault, it makes no difference that the lesser-included offenses of domestic battery and domestic assault were not included on the verdict forms.

Because Petitioner has failed to show that counsel's conduct was below an objective and reasonable professional norm, or that he was prejudiced by counsel's actions, his trial counsel's performance was not ineffective based on the *Strickland* standard. Additionally, Petitioner has failed to present any argument in his Petition as to the incorrectness or erroneous nature of the state court's decision. *See* ECF No. 1 at 15–17. The Court therefore concludes that the state court's denial of relief was not unreasonable or lacking in justification, so Petitioner is not entitled to federal habeas relief on ground six.

## Ground Seven: Counsel's performance was not ineffective for allegedly failing to impeach state witnesses, namely the victim.

Petitioner contends that his trial counsel rendered ineffective assistance due to her failure to impeach the victim for inconsistent statements. (ECF No. 1 at 18.) Petitioner states that these inconsistent statements had to do with whether a gun was present during the attack of the victim—specifically, whether Petitioner struck her in the face with a gun. (*Id*.) As a result, Petitioner asserts that he was prejudiced by counsel's failure to impeach the witness. (*Id.* at 19.)

In rejecting this claim on post-conviction review, the state court reasoned the victim was consistent throughout the case, including at her deposition and during trial, with regard to her statements about Petitioner

threatening her and hitting her wit ha gun. (Ex. X.) In support, the court

cited the arrest mittimus, her deposition, and the trial transcript. (*Id.*)

Accordingly, the court found that Petitioner failed to show either any error

by counsel or any resulting prejudice. (*Id.*) The First DCA affirmed without

opinion. (Ex. Y.)

As the state court previously discussed, the record shows that the

victim was consistent throughout the case regarding her statements about

the presence of a gun during the attack, so Petitioner cannot show either

that his counsel's performance was below an objective and reasonable

professional norm in failing to impeach the witness or that he was

prejudiced by the failure to impeach the witness. *See Strickland*, 466 U.S.

at 686. Because trial counsel cannot be ineffective for failing to impeach a

witness based on inconsistent statements where the witness was

repeatedly consistent, the state court's application of *Strickland* was not

objectively unreasonable. Accordingly, Petitioner is not entitled to habeas

relief on ground seven.

**Ground Eight: The cumulative effect of trial counsel's alleged
deficient performance does not entitle Petitioner to habeas relief
because Petitioner has failed to prove that counsel was ineffective
based on any of the grounds presented in his Petition.**

Petitioner contends that his trial counsel's ineffective performance

took on many forms, depriving him of his constitutional rights and

prejudicing his case. (ECF No. 1 at 20.) Petitioner asserts the same

allegations as listed in the first seven grounds of his habeas petition. (*Id.* at

20–22.) Petitioner states that his counsel's performance was severely

lacking, that she did not properly communicate with Petitioner, that she

failed to properly investigate the case, and that his counsel's performance

caused him to lose the trial. (*Id.* at 22.)

In rejecting this claim on post-conviction review, the state court

reasoned:

> As to ground (H), Defendant alleges that trial counsel was
> ineffective based on cumulative error. A claim of cumulative
> error is unsuccessful if the movant fails to prove any of the
> individual errors that he alleges. *Suggs v. State*, 923 So. 2d
> 419, 441 (Fla. 2005). In the instant motion, none of Defendant's
> claims have merit. Accordingly, this claim is without merit.

(Ex. X.)  The First DCA affirmed without opinion. (Ex. Y.)

In rejecting a similar "cumulative error" argument made by a § 2254

petitioner, the Eleventh Circuit has stated, "The Supreme Court has not

directly addressed the applicability of the cumulative error doctrine in the

context of an ineffective assistance of counsel claim."  *Forrest v. Fla. Dep't

of Corr.*, 342 F. App'x. 560, 564 (11th Cir. 2009) (*per curiam*). The *Forrest*

panel further noted "[h]owever, the Supreme Court has held, in the context

of an ineffective assistance claim, that 'there is generally no basis for

finding a Sixth Amendment violation unless the accused can show how

specific errors of counsel undermined the reliability of the finding of guilt.'"

*Id.* at 564–65 (quoting *United States v. Cronic*, 466 U.S. 648, 659 n.26

(1984)); *see also Spears v. Mullin*, 343 F.3d 1215, 1251 (10th Cir. 2003)

("Because the sum of various zeroes remains zero, the claimed prejudicial

effect of their [the petitioners'] trial attorneys' cumulative errors does not

warrant habeas relief.").

    As previously discussed, Petitioner has not demonstrated any of his

trial counsel's alleged errors, considered alone, rose to the level of

ineffective assistance.  Therefore, there are no errors to accumulate.

Petitioner was not denied effective assistance of counsel, and he has not

demonstrated his trial was fundamentally unfair.  *Walls v. McNeil*, No. 3:06-

cv-237-MCR, 2009 WL 3187066, at *30–*31 (N.D. Fla. Sept. 30, 2009)

("As previously discussed, none of the alleged errors of trial counsel,

considered alone, satisfy the threshold standard of ineffective assistance of

counsel. Therefore, there are no errors to accumulate. Petitioner was not

denied effective assistance of counsel, and he has not demonstrated that

his trial was fundamentally unfair.").

    Accordingly, Petitioner's eighth claim for relief has no merit. The

Court therefore concludes that the state court's denial of relief was not

unreasonable or lacking in justification, so Petitioner is not entitled to

federal habeas relief on this ground.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## CONCLUSION

Accordingly, it is respectfully **RECOMMENDED**:

1. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 1, should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 13th day of April 2017.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.